ATTORNEY FOR APPELLANT
Thomas A. Manges
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
Diana C. Bauer
Fort Wayne, Indiana

# In the
# Indiana Supreme Court



FILED
May 29 2014, 10:40 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S03-1305-CT-332

DEREK ASKLAR AND PAULINE ASKLAR,

*Appellants (Plaintiffs below),*

v.

DAVID GILB, PAUL GARRETT SMITH D/B/A
P.H. ONE TRUCKING, EMPIRE FIRE &
MARINE INSURANCE CO. D/B/A ZURICH AND
NORTHLAND INSURANCE CO.,

*Appellee (Defendant below),*

TRAVELERS INDEMNITY CO. OF AMERICA,

*Intervenor.*

———————————————————

Appeal from the Allen Superior Court, No. 02D01-1003-CT-130
The Honorable Stanley Levine, Judge

———————————————————

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-1204-CT-170

———————————————————

**May 29, 2014**

**Massa, Justice.**

Derek Asklar appeals the trial court's order of summary judgment capping Empire Fire and Marine Insurance Co.'s liability for underinsured motorist coverage at $75,000. Because the truck at issue was registered and garaged in Indiana, we agree with our Court of Appeals that Indiana law applies. But as issues of material fact remain regarding the applicable level of coverage, we reverse the trial court and remand for further proceedings.

## Facts and Procedural History

In 2008, Derek Asklar, an Allen County resident, was driving a semi-tractor trailer on behalf of Werner Transportation Services, Inc., a Georgia company. Werner Transportation leased Asklar's truck from Schilli Leasing, a South Bend, Indiana company and insured it under a policy from Empire Fire and Marine Insurance Co. Asklar was injured when a second semi-tractor trailer, driven by David Gilb, hit his rig on a road in West Virginia. Asklar sued Gilb, Gilb's employer, and Gilb's insurer in the Allen Superior Court. Believing his damages would exceed the liability limits of Gilb's employer's insurance policy, Asklar joined Empire to determine the extent of any underinsured motorist coverage available under the policy.

Empire acknowledged it provided $5 million in liability coverage for Asklar's truck, but claimed the policy only included $75,000 in underinsured motorist coverage. Both Asklar and Empire moved for summary judgment on the underinsured motorist coverage issue. The trial court applied Georgia law, which permits an insured to choose to purchase underinsured motorist coverage in a lower amount than the liability policy limit. The trial court found the procurement and endorsement of the policy itself was sufficient evidence that Werner Transportation, through its President, John Werner, made that affirmative choice and granted summary judgment in favor of Empire.

Asklar appealed the trial court's decision, arguing Indiana law, and not Georgia law, applied, and therefore Werner would have had to execute an explicit *written rejection* of underinsured motorist coverage in order to purchase coverage below the policy's liability limit.

The Court of Appeals found that Indiana law did indeed apply because any vehicle registered and principally garaged in Indiana, as Asklar's rig was, must comply with the requirements set forth in Ind. Code § 27-7-5-2 (2012 & Supp. 2013). Asklar v. Gilb, 979 N.E.2d 664, 667 (Ind. Ct. App. 2012). Nevertheless, it affirmed the trial court, concluding the evidence presented was sufficient under Indiana law to establish the lower coverage limits for underinsured motorist coverage under the policy. Id. at 668.

Asklar sought transfer to this Court, arguing the Court of Appeals and trial court were incorrect in finding Werner had explicitly rejected equal Uninsured/Underinsured Motorist Coverage under its Empire policy. We granted Asklar's petition. Asklar v. Gilb, 987 N.E.2d 521 (Ind. 2013) (table); Ind. Appellate Rule 58(A).

## Standard of Review

When we review a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. Reed v. Reid, 980 N.E.2d 277, 285 (Ind. 2012). The moving party must show there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Id. If the moving party carries its burden, then the nonmoving party must present evidence establishing the existence of a genuine issue of material fact. Id. In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. Ind. Trial Rule 56(C), (H). We construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party. Reed, 980 N.E.2d at 285. "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review." Id. We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Id.

**The Coverage Issue is Not Ripe for Summary Judgment.**

**A. Indiana Law Applies.**

Based on the record before us, we agree with the Court of Appeals that "any motor vehicle registered or principally garaged in this state" is subject to Indiana's uninsured motorist and underinsured motorist insurance statute. Ind. Code § 27-7-5-2(a). Because all parties agree the truck Asklar was driving at the time of the accident is principally registered and garaged in Indiana, we summarily affirm that portion of the Court of Appeals's opinion holding that Indiana law governs this case. Asklar, 979 N.E.2d at 667; Ind. Appellate Rule 58(A)(2).

**B. Issues of Material Fact Exist as to the Amount of Coverage.**

Ind. Code § 27-7-5-2(a) requires insurers to offer coverage to policyholders that provides a minimum level of compensation if they are injured by someone with inadequate or no insurance. The amount of uninsured and underinsured coverage must be "at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured." Ind. Code § 27-7-5-2(a).

Included in the evidence is the policy Declarations page, which includes a "SCHEDULE OF COVERAGES AND COVERED AUTOS." Appellants' App. at 73. The first column, entitled "Coverages," lists the different types of insurance provided by the policy, namely "Liability," "Uninsured Motorists," and "Underinsured Motorists (When not included in Uninsured Motorists Coverage)" among others. The Declarations page lists the policy number, and the Schedule lists the policy "Liability" limit at $5 million. This limit applies to "Owned

4

Commercial 'Autos' Only,"[1] "Hired 'Autos' Only,"[2] and "Nonowned 'Autos' Only."[3] The "Uninsured Motorists" and "Underinsured Motorists" limits are each listed at $75,000. However, only "Owned Commercial 'Autos'" are covered under those limits.

Thus, we must first determine the exact nature of the truck at issue in this case. The policy endorsement that added Schilli Leasing as an insured identifies Asklar's Freightliner tractor by model year and Vehicle Identification Number and describes the applicable coverage as follows: "Any 'leased auto' designated or described in this Schedule or in the Declarations will be considered a covered 'auto' you own and not a covered 'auto' you hire or borrow." Appellant's App. at 94. Thus, since Asklar's truck was leased, it was an "Owned Commercial 'Auto'" under the policy and, according to the Schedule, subject to a $75,000 limit on claims arising from injuries sustained from uninsured and underinsured drivers.

The Schedule alone, however, is insufficient to establish the lower policy limit; we must look to the written waivers to determine whether they satisfy Indiana law. Empire has designated three forms styled "REJECTION OR SELECTION OF UNINSURED MOTORISTS COVERAGE, OFFER OF DEDUCTIBLE" and one styled "GEORGIA UNINSURED MOTORISTS/MEDICAL PAYMENTS COVERAGE REJECTION/SELECTION FORM."

---

[1] "Only those trucks, tractors and 'trailers' you own (and for Liability Coverage any 'trailers' you don't own while connected to a power unit you own). This includes those trucks, tractors and 'trailers' you acquire ownership of after the policy begins." Appellant's App. at 129.

[2] "Only those 'autos' you lease, hire, rent or borrow. This does not include any 'private passenger type auto' you lease, hire, rent or borrow from any member of your household, any of your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or agents or members of their households." Appellant's App. at 129.

[3] "Only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes 'private passenger type autos' owned by your 'employees', partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs." Appellant's App. at 130.

5

Appellee's App. at 16–20. These documents purportedly demonstrate Werner's intent, as to both uninsured and underinsured motorist coverage, to reject the default $5 million coverage limit and instead purchase coverage in the lesser amount of $75,000.

Although both the trial court and our Court of Appeals found these rejections were sufficient *as a matter of law* to demonstrate Werner waived the higher liability limit for both uninsured *and* underinsured motorist insurance, we cannot agree. None of the forms identify the policy by number, and none mention "underinsured" coverage, instead referring only to the liability limit of the "uninsured" coverage. Appellee's App. at 16–20. On the other hand, there is policy language that could be read to indicate the waivers use the term "uninsured" to include both types of coverage: "'Uninsured motor vehicle' means a land motor vehicle or 'trailer' . . . that is an underinsured motor vehicle." Appellant's App. at 90.

In light of these conflicting facts, we conclude the issue of the waivers' validity is unsuitable for summary judgment and best left to the fact-finder.

**Conclusion**

Because we agree with our Court of Appeals and Appellants that Indiana law applies, but find questions of fact unresolved by the record before us, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

Dickson, C.J., and Rucker, David, and Rush, JJ., concur.