**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:
**THOMAS N. LESLIE**
Indianapolis, IN

ATTORNEYS FOR APPELLEE:
**MARC W. MATHENY**
Indianapolis, IN

**THOMAS L. LANDWERLEN**
Landwerlen & Rothkopf, L.L.P.
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EVE CARSON, ) | |
| ) | |
| Appellant/Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1312-PL-1052 |
| ) | |
| STACY PALOMBO ) | |
| ) | |
| Appellee/Plaintiff. ) | |

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1008-PL-035756

**October 3, 2014**

**OPINION – FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

In 2009 Eve Carson posted a video to YouTube.com criticizing the investigation of her sister-in-law's murder that occurred about a quarter-century before in Boston. Stacy Palombo, known by a username at the time, commented on Eve's video, and Eve filed a complaint against Stacy for defamation per se, defamation per quod, and invasion of privacy by false light. The trial court entered summary judgment in favor of Stacy on all three claims, and Eve now appeals.

We conclude that the trial court did not abuse its discretion in denying Eve's motion to amend her complaint on the defamation per se claim. This Court's prior opinion in this case directed the trial court on remand to enter partial summary judgment in favor of Stacy on Eve's claim for defamation per se, and the trial court did so. Pursuant to the law-of-the-case doctrine, Eve cannot amend her complaint to add facts that she knew—but omitted—at the time she originally filed her complaint in order to defeat the grant of partial summary judgment on this issue in favor of Stacy. In addition, because there is no genuine issue of material fact that Eve's claimed damages were not incurred as a natural and proximate consequence of Stacy's alleged defamatory statements, we affirm the trial court's entry of summary judgment in favor of Stacy on Eve's claim for defamation per quod. Finally, in light of the other videos that Eve herself posted on YouTube that cast her in essentially the same light as Stacy's comment, we conclude that the trial court properly granted summary judgment in favor of Stacy on Eve's claim for invasion of privacy by false light. We therefore affirm the trial court.

**Facts and Procedural History**

Eve Carson, who lives in Indianapolis, hosts a channel on YouTube.com called "eveknowsthetruth." Among other things, Eve posts videos about the unsolved murder of her sister-in-law, Joan Webster, who was a Harvard graduate student when she disappeared in 1981.[1] In the videos, Eve criticizes the murder investigation conducted by the Boston Police Department, the Boston office of the FBI, the Massachusetts State Police, and the Boston District Attorney's office. Joan's remains were found buried in Hamilton, Massachusetts, in 1990. Joan's murder was highly publicized and is the subject of a 2008 book written by Timothy Burke, the former Boston prosecutor who claims to know the identity of Joan's murderer.

On July 2, 2009, Eve posted a video on her YouTube channel called "Extortion Drama," which addresses a phone call received by Joan's family on October 14, 1982, that claimed Joan was still alive and demanded a reward for her safe return. On September 14, 2009, Stacy[2]—a Massachusetts resident who is related to a police officer who was involved in Joan's murder investigation—posted several comments to Eve's video. Specifically, Stacy told Eve to stop attacking Lieutenant Andrew Palombo, who had since passed away, and accused Eve of being "an angry ex wife whose kids have been taken from her for god known reasons." Appellant's App. p. 25.

---

[1] Eve was married to Joan's brother, Steve Webster.

[2] In the prior appeal in this case, this Court referred to Stacy as a male. However, the record before us, including Stacy's own brief, shows that Stacy is a female. Therefore, we refer to Stacy as a female.

Less than a year later, Eve filed a complaint against Stacy[3] in an Indiana trial court alleging defamation per se, defamation per quod, and false-light publicity. Stacy alleged truth as a defense. Appellee's App. p. 7. Stacy later filed a motion for partial summary judgment as to Eve's claim for defamation per se. The trial court denied Stacy's motion and certified its order for interlocutory appeal. This Court accepted jurisdiction.

On appeal, another panel of this Court noted that a plaintiff may maintain an action for defamation per se for a communication that (1) imputes criminal conduct; (2) with malice; (3) is published; and (4) causes damages. *Doe v. Carson*, No. 49A05-1201-PL-2 (Ind. Ct. App. July 12, 2012). This Court found that the words used in Stacy's characterization of Eve as "an angry ex wife whose kids have been taken from her for god known reasons"[4] imputed first that Eve was angry, divorced, and had children. This Court concluded that none of these imputations were criminal and, therefore, not actionable. The crux of what Eve took issue with—the latter part of Stacy's comment—imputed, in Eve's view, that her children were taken from her by a law-enforcement entity because Eve committed a crime that warranted such action. This Court, however, disagreed with Eve's reading of the latter part of Stacy's comment. In this Court's view, the latter part of Stacy's comment could have imputed that Eve's children were awarded to her ex-husband in divorce or custody-modification proceedings, which did not impute commission of a crime.

---

[3] Eve initially filed the complaint against John Doe a/k/a "mspbis123" because Eve knew only Stacy's YouTube username. Appellant's App. p. 15. After some discovery, Eve amended her complaint to include Stacy's name.

[4] On appeal, Eve included additional comments apparently made by Stacy. However, because Eve did not include those additional comments in her amended complaint, pursuant to *Gibson v. Kincaid*, 140 Ind. App. 186, 221 N.E.2d 834 (1966), this Court declined to consider those statements in determining whether Eve's claim of defamation per se was sufficient to survive summary judgment. *Carson*, No. 49A05-1201-PL-2.

Or it could have imputed that Eve's children died for reasons that only God knew, which also did not impute commission of a crime. This Court likewise concluded that the phrasing of Stacy's comment that referred to Eve's children being "taken" from her and the phrasing that explained the taking of Eve's children as being "for god known reasons" did not substantially impute commission of a crime and therefore were not actionable as defamation per se. Accordingly, this Court reversed the trial court's order denying Stacy's motion for partial summary judgment and remanded the case to the trial court with instructions to enter partial summary judgment on the issue of defamation per se in Stacy's favor.[5] This Court noted that this grant of partial summary judgment did not impact Eve's claims for defamation per quod or false-light publicity. Eve did not seek transfer.

Thereafter, Eve filed a motion for leave to amend her complaint again in order to include Stacy's comments that she had omitted from her complaint in her defamation per se claim. *See* Appellant's App. p. 60 ("Plaintiff respectfully requests that the Court grant her leave to amend her Complaint in light of the Court of Appeals' decision of July 17, 2012. In light of the Court of Appeals' express statement that certain statements of Defendant must be disregarded because they were not included in Plaintiff's First Amended Complaint, Plaintiff's inability to amend her complaint would subject her to an injustice." (formatting altered)), 62, 68-69. Stacy objected. After a hearing, the trial court

---

[5] Eve claims that this Court did not "order the trial court to dismiss [Eve's] defamation per se claim" because this Court instructed the trial court "to enter an order consistent with this opinion" as opposed to using more direct language. Appellant's Reply Br. 7. Looking at this Court's opinion as a whole, including the conclusion that "the words which are the basis for [Eve's] defamation per se claim do not sufficiently impute criminal conduct to [Eve] is sufficient to grant partial summary judgment in favor of [Stacy,]" *Carson*, No. 49A05-1201-PL-2, we conclude that this Court in fact ordered the trial court on remand to enter partial summary judgment in favor of Stacy on Eve's claim for defamation per se.

denied Eve's motion to amend her complaint. Furthermore, in light of this Court's July 2012 opinion directing the trial court to enter partial summary judgment in Stacy's favor on Eve's claim for defamation per se, the trial court entered partial summary judgment in Stacy's favor "with respect to the issue whether or not [Stacy's] alleged defamatory statements constitute defamation *per se* – the Court holds that they do not and enters judgment so holding and dismissing [Eve's] claim of defamation *per se*." *Id.* at 127. Finally, as for the remaining claims of defamation per quod and false-light publicity, the trial court entered summary judgment in favor of Stacy. *Id.* at 129.

Eve now appeals.

**Discussion and Decision**

Eve raises three issues on appeal, which we reorder. First, she contends that the trial court erred in denying her motion for leave to amend her complaint. Second, Eve contends that the trial court erred in entering summary judgment in favor of Stacy on her claim for defamation per quod. Finally, she contends that the trial court erred in entering summary judgment in favor of Stacy on her claim for invasion of privacy by false light.

**I. Motion to Amend Complaint**

Eve contends that the trial court erred in denying her motion for leave to amend her complaint in light of this Court's July 2012 opinion directing the trial court on remand to enter partial summary judgment in favor of Stacy on Eve's claim for defamation per se. Indiana Trial Rule 15(A) provides that after a responsive pleading has been served, a party may amend her pleading only by leave of court or by written consent of the adverse party, and leave shall be given when justice so requires.

6

In this Court's July 2012 opinion, the Court declined to analyze additional comments that Stacy made to Eve's "Extortion Drama" video because Eve did not include them in her complaint.[6] *Carson*, No. 49A05-1201-PL-2 ("Per *Gibson*, we decline to consider the other statements in determining whether [Eve's] claim of defamation per se is sufficient to survive summary judgment."). Eve sought to add these omitted comments to her complaint after the trial court—pursuant to this Court's direction—granted partial summary judgment in favor of Stacy on Eve's claim for defamation per se. Eve, however, cannot amend her complaint now because of the law-of-the-case doctrine.

The law-of-the-case doctrine is used to facilitate the finality of issues decided within the same action. *CBR Event Decorators, Inc. v. Gates*, 4 N.E.3d 1210, 1216 (Ind. Ct. App. 2014), *trans. denied*. This doctrine provides that an appellate court's determination of a legal issue is binding on the trial court and in any subsequent appeal in the same case and on substantially the same facts. *Id.* Essentially, law of the case means all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Id.* However, where new facts are elicited upon remand that materially affect the questions at issue, the court upon remand may apply the law to the new facts as subsequently found. *Pinnacle Media, L.L.C. v. Metro. Dev. Comm'n of Marion Cnty.*, 868 N.E.2d 894, 901 (Ind. Ct. App. 2007), *trans. denied*.

---

[6] Eve claims on appeal that she had no notice before Stacy's interlocutory appeal that "in a notice pleading state such as Indiana, her failure to specifically state each operative comment within her pleading would prejudice her ability to litigate those comments at trial." Appellant's Br. p. 22. We first note that Eve did not seek transfer from this Court's decision. Second, although Eve was represented below by out-of-state attorneys, they are presumed to know Indiana law.

The facts Eve now seeks to add to her complaint are *not* new.[7]  She knew them at the time she filed her amended complaint, *see, e.g.*, Appellant's Br. p. 21, Appellant's App. p. 80; however, she did not include them as allegations in her complaint at that time. Accordingly, pursuant to the law-of-the-case doctrine, Eve cannot amend her complaint to add facts that she knew—but omitted—in order to defeat the grant of partial summary judgment on this issue in favor of Stacy.  The trial court did not abuse its discretion in denying Eve's motion to amend her complaint to add facts to her defamation per se claim.

## II. Defamation Per Quod

Eve next contends that the trial court erred in entering summary judgment in favor of Stacy on her claim for defamation per quod because Eve failed to show special damages, which is a requirement of defamation per quod.  When we review a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. *Asklar v. Gilb*, 9 N.E.3d 165, 167 (Ind. 2014).  The moving party must show that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. *Id.*  If the moving party carries her burden, then the nonmoving party must present evidence establishing the existence of a genuine issue of material fact. *Id.*  In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court.  Ind. Trial Rule 56(C), (H).  We construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party.  *Asklar*, 9 N.E.3d at 167.  An appellate court

---

[7] Eve wants to include the following comment that Stacy made to the Extortion Drama video: "You don't know me and you have no idea what I actually know about this case as well as events surrounding abuse allegations."  Appellant's App. p. 134.  Eve claims that this provides "additional context" to her defamation per se claim.  Appellant's Br. p. 18.

reviewing a challenged trial court summary-judgment ruling is restricted neither to the claims and arguments presented at trial nor the rationale of the trial court's ruling. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013); *see also Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 790 (Ind. 2012) ("We will reverse if the law has been incorrectly applied to the facts. Otherwise, we will affirm a grant of summary judgment upon any theory supported by evidence in the record."), *cert. denied*; *Wagner v. Yates*, 912 N.E.2d 805, 811 (Ind. 2009) ("[W]e are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather we may affirm a grant of summary judgment upon any theory supported by the evidence.").

There are two types of defamatory speech in Indiana: defamation per se and defamation per quod. *In re Indiana Newspapers Inc.*, 963 N.E.2d 534, 549 (Ind. Ct. App. 2012). In an action for defamation per quod, a plaintiff must show special damages as a natural and probable consequence of the defamatory communication. *Baker v. Tremco Inc.*, 917 N.E.2d 650, 657 (Ind. 2009); *State Farm Fire & Cas. Co. v. Radcliff*, 987 N.E.2d 121, 153 (Ind. Ct. App. 2013) ("A plaintiff pleading special damages due to defamation . . . per quod . . . must plead and demonstrate that the special damages were incurred as a natural and proximate consequence of the wrongful act."), *reh'g denied*, *trans. denied*; 23 James R. Fisher & Debra H. Miller, *Indiana Practice*, Pers. Injury Law & Practice, § 3.21 (2d ed. 2007). Thus, in order to recover in an action for defamation per quod, a plaintiff must show pecuniary harm as a result of the defamatory statement. 23 Fisher & Miller, § 3.21. As the Restatement (Second) of Torts § 575 cmt. b (1977) explains:

> Loss of reputation alone is not enough to make the defamer liable . . . unless it is reflected in some kind of economic or pecuniary loss. So too, lowered

9

social standing and its purely social consequences are not sufficient. Thus the fact that a slander has caused the person defamed to lose caste in the eyes of his friends and so has deprived him of many pleasant social contacts is not special harm. If, however, the loss of reputation results in material loss capable of being measured in money, the fact that the lowered social standing resulting from the slander itself causes the acts that produce the loss does not prevent the tangible loss from being special harm. Thus, while a slander that has been so widely disseminated as to cause persons previously friendly to the plaintiff to refuse social intercourse with him is not of itself special harm, the loss of the material advantages of their hospitality is sufficient. Special harm may be a loss of presently existing advantage, as a discharge from employment. It may also be a failure to realize a reasonable expectation of gain, as the denial of employment which, but for the currency of the slander, the plaintiff would have received. It is not necessary that he be legally entitled to receive the benefits that are denied to him because of the slander. It is enough that the slander has disappointed his reasonable expectation of receiving a gratuity.

The Restatement then offers the following illustrations:

1. A, a Catholic priest, says to others that B, a merchant, has been excommunicated. It is proved that in consequence of this statement B has lost Catholic customers. A is subject to liability to B.

2. A says to B, a business[person] contemplating employing C as a sales clerk, that C is a person of questionable moral character. It is proved that this statement induces B to break off employment negotiations with C. A is subject to liability to C.

3. A says to B, who is C's uncle, that C has very crude manners. It is proved that this statement induces B to withdraw an invitation that he has previously extended to C to accompany him, at his expense, on an extended voyage. A is subject to liability to C.

4. A says to B that C is a vulgar and persistent gossip. It is proved that this statement induces B, who has previously been a friend of C, thereafter to refuse to speak to her. A is not liable to C without proof of other and special harm.

5. The same facts as in Illustration 4, except that B is induced to withdraw an invitation extended to C to spend her vacation at B's country place. A is subject to liability to C.

*Id.*

10

In response to Stacy's interrogatories, *see* Appellee's App. p. 50, Eve provided the following itemized list of damages that she incurred as a result of Stacy's alleged defamatory statements:

Damages Incurred

| | |
|---|---|
| Legal Assessment charges: | |
| Mitchell & Associates | 195.00 |
| Traverse Legal | 1200.00 |
| | |
| Boston Trips: | |
| October 2009 | |
| Airline & Hotel package | 397.88 |
| Rental car | 507.23 |
| Food | 14.12 |
| Parking | 7.00 |
| Coffee | 4.02 |
| Medical/over-the-counter | 9.34 |
| Parking | 14.00 |
| Gas | 26.58 |
| | |
| Baggage check | 20.00 |
| Gas | 21.17 |
| Pet Boarding | 253.00 |
| | |
| May 2010 | |
| Airline | 315.93 |
| Rental car | 212.38 |
| Hotel | |
| Food | 11.48 |
| Map | 8.07 |

11

| | |
|---|---:|
| Gas | 14.93 |
| Parking | 23.00 |
| Food | 7.48 |
| Baggage check | 25.00 |
| Pet boarding | 214.00 |

**April 2011**

| | |
|---|---:|
| Airline | 379.40 |
| Rental car | 413.51 |
| Hotel | 387.91 |
| Baggage check | 25.00 |
| Baggage check | 25.00 |
| Food | 15.03 |
| Stockings and make-up | 29.64 |
| Presentation supplies | 53.59 |
| Newspapers | 3.30 |
| Parking | 9.00 |
| Parking | 35.00 |
| Dinner with Elle Gates (Former legal assistant to ADA Carol Ball & Former legal assistant to Tim Burke) | 68.75 |
| Dinner | 12.83 |
| MA Turnike toll | 3.50 |
| Dinner with Angela Paradiso | 32.35 |
| Pet Boarding | 301.00 |

October 2011

| | |
|---|---|
| Airline | 349.80 |
| Rental car | 172.30 |
| Car rental insurance | 27.00 |
| Hotel | 255.36 |
| Dinner with Kevin Anderson | 42.31 |
| (Editor, Ivy League Editing) | |
| Parking | 6.00 |
| Baggage check | 25.00 |
| Baggage check | 25.00 |
| Food | 7.25 |
| Dinner | 34.08 |
| Pet boarding | 203.00 |
| | |
| Document recovery RE: Joan Webster | |
| Investigator Jay Groob | 29,135.35 |
| Legal Kevin Mahoney | 17,762.50 |
| 10% penalty for early removal from retirement fund | 4689.79 |
| | |
| Lost wages (16 days lost work) | |
| 16 days x 8 hours/day x 14.49/hour | 1851.72 |
| | |
| Total damages claimed | 59,882.88 |

Plus all legal fees to Traverse Legal, Revision Legal, & Tom Leslie (Not included)

*Id.* at 59-61 (Ex. 2). Stacy argued on summary judgment, and argues again on appeal, that Eve's expenses as set forth in Exhibit 2 have no nexus to Stacy's alleged defamatory statements. Appellant's App. p. 90. We agree. Exhibit 2 shows that Eve's expenses include (1) pursuing her cold-case murder investigation in Massachusetts, (2) paying her legal fees in connection with this case, (3) reimbursing herself for the cost of withdrawing money from her retirement account in order to fund her cold-case murder investigation,

13

and (4) paying for various personal expenses (such as pet boarding, stockings, makeup, coffee, parking, hotel, presentation supplies, and newspapers). Although Eve makes a claim for lost wages, as her own interrogatory response shows, her time off work has no connection to Stacy's alleged defamatory statements:

> I missed 16 total days of work for travel to and from Boston in efforts to bring recovered documents forward to proper authorities in the unresolved murder of my sister-in-law Joan Webster, give a victim impact statement and to dispute [Stacy's] claims, deposition of Stacy Palombo, and meet with individuals with relevant information or connection to the Joan Webster case. The amount of damages is $1,851.72.

Appellee's App. p. 48-49. Notably, Eve does not allege that her lost income was a result of her employer discharging or suspending her *because of* Stacy's statements. Finally, Eve claims that $29,135.35 of her claimed damages are private-investigator expenses that she spent to unearth mspbis123's real name (even though this expense is listed on Exhibit 2 under the category "Document recovery RE: Joan Webster"). However, this expense is a litigation expense akin to attorney fees. Indiana follows the American Rule regarding attorney fees, meaning that such fees generally are not considered to be "damages" in the absence of statutory authority, an agreement between the parties, or an equitable exception such as "obdurate behavior" or "common fund." *Lorapex, LLC v. MPI Release Techs., LLC*, 964 N.E.2d 806, 816-17 (Ind. 2012); *Gonzalez v. Evans*, --- N.E.3d ---, No. 29A02-1311-DR-984 (Ind. Ct. App. Aug. 19, 2014), *reh'g pending*. Eve has cited no statutory authority, agreement between the parties, or equitable exception. Therefore, Eve's nearly $30,000 private-investigator fee cannot be considered a special damage. Because there is no genuine issue of material fact that the damages listed in Exhibit 2 were not incurred as a natural and proximate consequence of Stacy's alleged defamatory statements, we affirm

14

the trial court's entry of summary judgment in favor of Stacy on Eve's claim for defamation per quod.

### III. Invasion of Privacy by False Light

Last, Eve contends that the trial court erred in entering summary judgment in favor of Stacy on her claim for invasion of privacy false-light publicity. The tort of invasion of privacy includes four distinct injuries: (1) intrusion upon seclusion, (2) appropriation of likeness, (3) public disclosure of private facts, and (4) false-light publicity. *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 958 (Ind. Ct. App. 2014), *reh'g denied*, *trans. pending*; *Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis*, 875 N.E.2d 729, 736 (Ind. Ct. App. 2007), *trans. denied.* The tort of invasion of privacy is similar to defamation but reaches different interests. *Miller*, 11 N.E.3d at 958. Defamation reaches injury to reputation, while privacy actions involve injuries to emotions and mental suffering. *Id.*

At issue here is invasion of privacy by false light. Indiana follows the Restatement (Second) of Torts § 652E (1977) for the express elements of this tort:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*See Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 524 (Ind. Ct. App. 2001), *trans. denied.* Invasion of privacy by false light is "publicity that unreasonably places the other in a false light before the public." *Miller*, 11 N.E.3d at 958 (quotation omitted). Like a claim of defamation, the plaintiff cannot succeed on a claim of invasion of privacy by

15

false light if the alleged communication is accurate or true. *Id.* One who has established a cause of action for invasion of privacy is entitled to recover damages for (1) the harm to her interest in privacy from the invasion; (2) her mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and (3) special damage of which the invasion is a legal cause. Restatement (Second) of Torts § 652(H) (1977).

We first note that on appeal Eve relies on a comment from Stacy that was not included in her claim for invasion of privacy by false light. In her amended complaint, Eve alleged that Stacy committed this tort when she stated that Eve is "an angry ex wife whose kids have been taken from her for god known reasons." Appellant's App. p. 28. But on appeal, Eve claims that Stacy committed invasion of privacy by false light by also stating, "You don't know me and you have no idea what I actually know about this case as well as events surrounding abuse allegations." Appellant's Reply Br. p. 6. However, Eve did not include this comment in her amended complaint. To the extent Eve tried to amend her complaint again to add this comment, she attempted to add it to her defamation per se claim only, not this claim. Therefore, Eve cannot rely on the comment—"You don't know me and you have no idea what I actually know about this case as well as events surrounding abuse allegations"—in order to defeat summary judgment on her claim for invasion of privacy by false light.

As for Stacy's comment that Eve is "an angry ex wife whose kids have been taken from her for god known reasons," Eve posted other videos on her YouTube channel that refer to herself in substantially the same terms. In one video, called "Happy Birthday," Eve told her daughter that "people don't understand what it's like for a mother to have her

16

children ripped out of her life . . . ." Appellee's App. p. 3-A (1:14-1:19). In another video, called "Mom Speaks Out about Abuse," Eve announced: "My name is Eve Carson, formerly Webster, and I'm an abuse victim. And I am here to talk about that. Shatter the silence." *Id.* (00:02-00:11). Eve also said, "I think the reason I am so concerned is that this is an issue of domestic violence" and "it's absolutely abuse to devalue, discredit, and discard a mother." *Id.* (1:14-1:20 & 2:07-2:12). Eve alleged that her ex-husband and his attorney offered false and contradictory testimony and that she had filed an ethics complaint against the attorney. In the video "[E]ffects of Abuse," Eve said it was important for her to understand the effects of abuse, specifically "to understand the psychological and emotional abuse that I endured . . . [and the abuse] as it may have related to my children." *Id.* (00:09-00:38). Eve went on to state, "I know in my situation . . . my children have been kidnapped out of my life. They have been completely removed from my life . . . ." *Id.* (3:17-3:24). Finally, in the video "Mom Loves You," Eve said, "This is a love letter to my girls, to Polly and Audrey. I love you girls so much. And I have been denied the ability to communicate that to you . . . ." *Id.* (00:02-00:13). Eve continued, "I know you've received a lot of support from people who think that I am some sort of horrible monster, that I am threatening, that I am abusive, that I am mentally ill . . . ." *Id.* (00:34-00:43).

In light of the videos that Eve herself posted on YouTube that cast her in essentially the same light as Stacy's comment, the trial court properly granted summary judgment on this issue in favor of Stacy. *See Newman*, 875 N.E.2d at 743 ("Newman's invasion of

17

privacy by false light claim fails because the disseminated information does not contain the falsity required for the tort.").  We therefore affirm the trial court.[8]

Affirmed.

NAJAM, J. and BROWN, J. concur.

---

[8] Eve contends that her children were placed in the custody of her ex-husband by negotiated settlement.  Appellant's Reply Br. p. 6.  However, Eve does not cite any designated evidence in support of this claim.  In comparison, Stacy added the YouTube videos to her designation of evidence in support of summary judgment.  *See* Appellee's App. p. 79 ("[Stacy's] Supplemental Designation in Support of Summary Judgment").