## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 18 2016, 5:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John P. Daly, Jr.
Golitko & Daly, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

James S. Stephenson
Stephenson Morow & Semler
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Thatcher and Angela Thatcher,<br>*Appellants,*<br><br>v.<br><br>City of Marion,<br>*Appellee.* | November 18, 2016<br><br>Court of Appeals Case No.<br>27A02-1512-CC-2257<br><br>Appeal from the Grant Circuit Court<br><br>The Honorable Mark E. Spitzer, Judge<br><br>Trial Court Cause No.<br>27C01-1302-CC-193 |

**Pyle, Judge.**

## Statement of the Case

[1] William Thatcher ("Thatcher") and his wife Angela ("Angela") (collectively "the Thatchers") appeal the trial court's grant of summary judgment in favor of

the City of Marion ("the City") in the Thatchers' negligence action. Finding no designated evidence that the City had notice of the pothole in the alley where Thatcher was injured, we affirm the trial court's grant of summary judgment in favor of the City.

We affirm.

## Issue

Whether the trial court erred in granting summary judgment in favor of the City.

## Facts

Thatcher was the distribution center manager for the Chronicle-Tribune ("Tribune") newspaper in the City. His job duties included transferring newspaper inserts from the newspaper's warehouse to its nearby main building. Specifically, Thatcher used a forklift to pick up skids of inserts at the warehouse and then drove them down a municipal alley to the main building. At approximately 10:00 p.m. on November 13, 2011, as he was backing up in the alley, Thatcher felt the back tire of the forklift go into a pothole. The forklift then tipped over, landing on and injuring Thatcher's foot.

On February 28, 2013, the Thatchers sued the City for negligence, with Angela making a claim for loss of consortium. In August 2015, the City filed a summary judgment motion wherein it argued, among other things, that it did not have actual or constructive notice of the pothole. In support of its motion, the City designated an affidavit from Michael Graft, head of the City's

engineering department. Graft stated that he had requested a review of City records to determine whether the City had received notice concerning potholes or other conditions in the alley behind the Chronicle-Tribune building. According to Graft, the City had not received notice concerning potholes or other conditions in this alley.

[5] The City also designated Thatcher's deposition wherein he explained that the Tribune's former publisher Neal Ronquist ("Ronquist") was the only Tribune employee who had ever reported a condition of the alley to the City. Thatcher believed that Ronquist spoke to the mayor "[s]omewhere after we came back in 2007." (App. 138). At that time, the City and the Tribune each contributed to the installation of a concrete pad at the Tribune's loading dock. Thereafter, Tribune employee Tim Dixon filled the alley's potholes most of the time. Thatcher did not remember the City ever filling any of the potholes. Thatcher further explained that he did not see the pothole he believed he hit, and he also stated that he did not know which one it was. According to Thatcher, the pothole that he hit "could have just came up." (App. 63).

[6] In his response in opposition to the City's summary judgment motion, Thatcher also designated his deposition as evidence and argued that the City had "constructive and actual knowledge that forklifts were being used in this alley." (App. 127). Thatcher's response addressed neither the City's constructive or actual notice of the potholes nor the specific pothole alleged to have caused his injuries.

[7] Following a hearing, the trial court granted summary judgment in favor of the City. The Thatchers appeal.

# Decision

[8] The Thatchers argue that the trial court erred in granting summary judgment in favor of the City. We review an order for summary judgment de novo, which is the same standard of review applied by the trial court. *Ind. Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc.,* 27 N.E.3d 260, 264 (Ind. 2015), *reh'g denied*. The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.*

[9] In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. Ind. Trial Rule 56(C), (H). We construe all factual inferences in favor of the nonmoving party and resolve all doubts regarding the existence of a material issue against the moving party. *Carson v. Palombo*, 18 N.E.3d 1036, 1041 (Ind. 2014). Our review of a challenged trial court summary judgment ruling is restricted neither to the claims and arguments presented at trial nor the rationale of the trial court's ruling. *Id.* Rather, we may affirm a grant of summary judgment upon

any theory supported by the evidence.[1] *Wagner v. Yates*, 912 N.E.2d 805, 811 (Ind. 2009).

[10] The duty of a governmental entity to maintain and repair roads within its control does not attach unless the city has actual or constructive notice of the alleged defect. *Harkness v. Hall*, 684 N.E.2d 1156, 1161 (Ind. Ct. App. 1997), *trans. denied*; *Utley v. Healy*, 663 N.E.2d 229, 233 (Ind. Ct. App. 1996), *trans. denied*. Here, the alleged defect was the pothole. When the City affirmatively negated the Thatchers' negligence claim with an affidavit from the City's engineer that the City had never received notice of the pothole, the burden shifted to the Thatchers to show that the City had received notice of the pothole. This would have demonstrated a genuine issue for trial. The Thatchers, however, instead designated evidence of knowledge that forklifts were being used in the alley.

[11] On appeal, the Thatchers argue that there "is designated evidence the newspaper complained about the condition of the alley before the accident. (Appellant's App. pp. 138-139). This is actual and not just constructive notice . . . ." (The Thatchers' Reply Br. 4). However, these cited pages of the Thatchers' appendix contain the evidence that the City designated in support of its summary judgment motion. Specifically, these pages reveal that sometime after 2007, the Tribune's former publisher advised the City about the condition

---

[1] Here, the trial court granted summary judgment in favor of the City based upon Thatcher's contributory negligence. We affirm the grant of summary judgment on a different theory.

of the alley and the City and the Tribune each contributed to the installation of a concrete pad at the Tribune's loading dock. This is not evidence that the City received notice about the current potholes in the alley, which was necessary to create a genuine issue for trial. The trial court did not err in granting summary judgment in favor of the City. *See Bodnar v. City of Gary*, 629 N.E.2d 278 (Ind. Ct. App. 1994), *reh'g denied,* (affirming the trial court's grant of summary judgment where Bodnar failed to offer any evidence of notice to the City about a tree limb that obscured a stop light).[2]

[12] Affirmed.

Kirsch, J., and Riley, J., concur.

---

[2] Because the Thatchers' cause of action has failed, so too has Angela's derivative claim of loss of consortium. *See Durham ex rel. Estate of Wade v. U-Haul Intern.*, 745 N.E.2d 755, 764 (Ind. 2001). (explaining that "if the spouse's cause of action for personal injury fails, the loss of consortium claim fails with it").