

FILED

Nov 29 2017, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Larry O. Wilder
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Jacob C. Elder
Lanesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michelle Miller, Town of Sellersburg Clerk-Treasurer, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Town Board of Sellersburg, Indiana, <br><br> *Appellee-Defendant.* | November 29, 2017 <br><br> Court of Appeals Case No. 10A01-1612-MI-2908 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Roger Duvall, Special Judge <br><br> Trial Court Cause No. 10C01-1601-MI-12 |

**Pyle, Judge.**

## Statement of the Case

[1] Town of Sellersburg Clerk-Treasurer, Michelle Miller ("Miller"), appeals the trial court's grant of summary judgment in favor of the Town Board of Sellersburg ("the Town Board") on Miller's mandate petition. Concluding that the Town Board is entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment in its favor.

We affirm.

# Issue

Whether the trial court erred in granting the Town Board's summary judgment motion.

# Facts

On October 26, 2015, the Town Board unanimously approved Ordinance 2015-008 ("Ordinance 2015-008"), which included a budget that funded two deputy clerks in Miller's office. Two months later, at the last meeting of the year, the Town Council unanimously approved Ordinance 2015-012 ("Ordinance 2015-012"), which eliminated funding for one of Miller's deputy clerks.

In January 2016, Miller filed a petition for mandate, wherein she asked the trial court to reinstate the budget set forth in Ordinance 2015-008, which included funding for two deputy clerks in her office. Two months later, Miller filed a summary judgment motion, wherein she argued that she was entitled to judgment as a matter of law on her mandate petition because it was "not the [Town] Board's statutory function to mandate the number of employees needed by the Clerk-Treasurer to carry out the duties of the office." (Miller's Br. at 19). In support of her argument, Miller cited INDIANA CODE § 36-5-6-7, which provides, in part, that the "clerk-treasurer shall appoint the number of deputies and employees needed for the effective operation of the office . . . ." The Town Council filed a response in opposition to Miller's motion as well as a cross-motion for summary judgment wherein it pointed out that INDIANA CODE § 36-

5-6-7 further provides that the clerk-treasurer's appointments are subject to "the approval of the town legislative body."

The trial court granted summary judgment in favor of the Town Board. Miller now appeals.

# Decision

Miller argues that the trial court erred in granting the Town Board's summary judgment motion. We review an order for summary judgment de novo, which is the same standard of review applied by the trial court. *Ind. Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc.,* 27 N.E.3d 260, 264 (Ind. 2015), *reh'g denied*. The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.*

In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. Ind. Trial Rule 56(C), (H). We construe all factual inferences in favor of the nonmoving party and resolve all doubts regarding the existence of a material issue against the moving party. *Carson v. Palombo*, 18 N.E.3d 1036, 1041 (Ind. 2014).

Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is particularly appropriate. *Pike Tp.*

*Educ. Found., Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind. Ct. App. 2005). The first step in interpreting a statute is to determine whether the Legislature has spoken clearly and unambiguously on the point in question. *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning Inc.,* 746 N.E.2d 941, 947 (Ind. 2001). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain, ordinary, and usual sense. *Sees v. Bank One, Ind., N.A.,* 839 N.E.2d 154, 157 (Ind. 2005). Clear and unambiguous statutes leave no room for judicial construction. *Id.*

[9] Miller argues that the trial court erred in interpreting INDIANA CODE § 36-5-6-7(a), which provides, in relevant part, as follows:

> The clerk-treasurer shall appoint the number of deputies and employees needed for the effective operation of the office, *with the approval* of the town legislative body.

(Emphasis added). Specifically, according to Miller:

> The plain and clear language of the statute does not vest the Town Board with authority to veto, change, alter, amend or otherwise undermine[] the ability of the Clerk-Treasurer to carry out her duties. Instead, the term 'with the approval of the Town Legislative body . . .' merely indicates that the Board is to be a 'participant in . . . (the) transaction.'

(Miller's Br. 13-14).

[10] We disagree with Miller's interpretation of the statute because it is contrary to the statute's plain language. Specifically, the statute clearly states that the clerk-

treasurer's appointment of deputies and employees needed for the operation of that office requires the *approval* of the town legislative body.[1] Here, the Town Board's unanimous approval of Ordinance 2015-012, which eliminated funding for one of Miller's deputy clerks, indicates that the Town Board did not approve of Miller's appointment of two deputy clerks. Accordingly, the trial court did not err in granting summary judgment in favor of the Town Board.

Affirmed.

May, J., and Brown, J., concur.

---

[1] No one disputes that the Town Board is the relevant town legislative body for the purposes of the statute.